FILED

February 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0304

DA 14-0304

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 35N

JESSICA BRACHA,

        Plaintiff and Appellant,

   v.

THE ESTATE OF BERNICE HANLEY,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-12-0409
Honorable Greg Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

          James P. O'Brien, O'Brien Law Office, Missoula, Montana

      For Appellee:

          Paul R. Haffeman, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls, Montana

Submitted on Briefs:  January 7, 2015
Decided:  February 10, 2015

Filed:

                         Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On the afternoon of April 5, 2012, Jessica Bracha was traveling west on Central Avenue near the intersection of 9th Street NW in Great Falls, Montana. At the same time, Bernice Hanley was traveling east on Central Avenue. Upon reaching the intersection of 9th Street, Hanley turned left onto 9th Street NW. Bracha was unable to stop her vehicle in time and collided with Hanley's vehicle. Bracha incurred serious and permanent injuries as a result of the accident. Hanley was issued a citation and entered into an agreement with the County Attorney's Office under which she agreed to be responsible for any restitution in return for a reduced penalty.

¶3     Hanley died of natural causes on April 19, 2012. In May 2012, Bracha sued Hanley in the Eighth Judicial District Court, Cascade County, for careless and negligent operation of a vehicle. Hanley's Estate became the defendant in the case. The Estate countered that Bracha was comparatively negligent. It also filed a motion in limine seeking to exclude evidence of the issuance of a citation to Hanley and Hanley's statement against interest conceding financial responsibility for Bracha's medical expenses. The District Court granted the Estate's motion in limine.

¶4     A jury trial was conducted on February 19-20, 2014. At the close of the Estate's case, Bracha moved "for a directed verdict on the issue of negligence," which the District Court

denied. Subsequently, the jury returned a verdict in favor of the Estate determining that Hanley was not negligent. The District Court issued Judgment on February 26, 2014, under which Bracha received nothing and had to pay the Estate's costs of the action. Bracha moved for a new trial and the District Court denied the motion. Bracha appeals. We affirm.

¶5      Bracha sets forth three issues on appeal:

1.  *Did the District Court abuse its discretion in granting Hanley's motion in limine?*

2.  *Did the District Court err in denying Bracha's motion for a directed verdict?*

3.  *Did the District Court abuse its discretion in denying Bracha's motion for a new trial?*

¶6      Bracha argues that the District Court abused its discretion in granting the Estate's motion in limine. She claims that Hanley passed away before being deposed in this action; therefore, Hanley's only statements pertaining to the accident, including a statement accepting responsibility, were contained in the agreement with the County Attorney's Office. Bracha asserts that without this evidence she could not fairly challenge the Estate's general denial of negligence and causation.

¶7      A motion in limine is intended to prevent the introduction of evidence that is inadmissible, irrelevant, immaterial, inflammatory or unfairly prejudicial. *Hulse v. DOJ, Motor Vehicle Div.*, 1998 MT 108, ¶ 15, 289 Mont. 1, 961 P.2d 75. Here, the motion sought to exclude evidence that Hanley had received a traffic citation and that she had entered into a deferred prosecution agreement with the County Attorney's Office by accepting financial responsibility. These actions relate to criminal proceedings while the cause of action before

3

us is a civil proceeding. As we noted in *Smith v. Rorvik*, 231 Mont. 85, 90, 751 P.2d 1053, 1056 (1988) (citations omitted), the "elements of proof in civil and criminal trials are decidedly different. Evidence that the officer did not issue a criminal citation to the appellant is generally irrelevant to the question of negligence in a civil trial."

¶8    During the trial, Bracha conceded that, based upon *Rorvik*, the District Court had legal authority to exclude the traffic citation from evidence but she argued that the deferred prosecution agreement—or at least the part of the agreement where Hanley accepted financial responsibility—should be admitted. The court determined, however, that the agreement itself referred to the citation. Additionally, providing the jury with parts of the deferred prosecution agreement without explanation would likely cause confusion and speculation. While another court may have exercised its discretion to admit the evidence, the question before us is not whether the evidence was arguably admissible, but whether the District Court abused its discretion by excluding it. We conclude it did not. The court's expressed concerns that the jury would want to know the context in which Hanley signed a document accepting financial responsibility and would be confused by the injection of a criminal case document into the negligence case justified the use of discretion to exclude it.

¶9    We review a district court's grant or denial of a motion for a directed verdict de novo. *State v. Kirn*, 2012 MT 69, ¶ 8, 364 Mont. 356, 274 P.3d 746. On appeal, Bracha argues that at the close of the Estate's presentation of evidence, she sought a directed verdict that Hanley's negligence caused the accident and that she was not comparatively negligent. The Estate objected to the motion, noting that "adequate evidence to call into question both party's negligence" had been presented to the jury. The District Court explained that the

4

standard for granting a directed verdict was "when there's a complete absence of any evidence to warrant submission to a jury." In a narrow ruling, the court observed that evidence that Bracha was speeding at the time of the accident was before the jury, and therefore a directed verdict on her comparative negligence was not appropriate.

¶10 Additionally, the record indicates that Bracha's motion for a directed verdict lacked specificity. The District Court initially surmised that her motion sought only a ruling that Bracha herself was not comparatively negligent, and it did not recognize that Bracha was requesting a directed verdict as to Hanley's negligence. We note, however, that the court denied the directed verdict after determining that there was evidence before the jury regarding both Hanley's alleged negligence and Bracha's comparative negligence. Subsequently, in denying Bracha's motion for a new trial, the court explained that had Bracha unequivocally moved for a directed verdict as to Hanley's negligence at trial, the motion would still have been denied for the reasons the Estate put forth in opposing the direct verdict motion. For these reasons, we conclude the District Court did not err when it denied Bracha's motion for directed verdict.

¶11 Lastly, we review a district court's decision to deny a motion for a new trial on the grounds enumerated in § 25-11-102, MCA, for an abuse of discretion. The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. *Cooper v. Hanson*, 2010 MT 113, ¶ 28, 356 Mont. 309, 234 P.3d 59.

¶12 Bracha claimed that under §§ 25-11-102(1), (6) and (7), MCA, there was irregularity in the proceedings, insufficiency of the evidence to justify the verdict, and an error in law

during the trial. She argued that the District Court's failure to address and grant her directed verdict motion as to Hanley's negligence constituted an irregularity in the proceedings and an error in law which resulted in the jury's verdict that Hanley was not negligent.

¶13 The jury was presented with substantial conflicting evidence about the accident that occurred on April 5, 2012. It is well-established that weighing such conflicting evidence is the province of the jury. *Campbell v. Canty*, 1998 MT 278, ¶ 19, 291 Mont. 398, 969 P.2d 268. Here, after weighing the evidence and determining the credibility of the witnesses, the jury concluded that Hanley executed a proper left turn in accordance with applicable law and therefore was not negligent. There is sufficient evidence in the record to support the jury's verdict.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of facts are supported by substantial evidence and the legal issues are controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE